# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MONISSA DENIS**, | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 5:22-cv-95 |
| v. | * |
| | * |
| **CRACKER BARREL OLD COUNTRY** | * |
| **STORE, INC. and JOHN DOE 1-2,** | * |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-captioned action from the State Court of Bibb County, State of Georgia, where this action is now pending, to the United States District Court for the Middle District of Georgia, Macon Division. As grounds for removal, Cracker Barrel states as follows:

1. The Plaintiff, Monissa Denis, commenced this action against Lojac, LLC d/b/a Cracker Barrel Old Country Store ("Lojac, LLC") in the State Court of Bibb County, Georgia on January 5, 2022. Lojac, LLC was an improper party to the case, and so by consent of the parties, on February 11, 2022 the State Court of Bibb County ordered Lojac, LLC dropped from the case and added Cracker Barrel as the proper defendant. In its Consent Order, the State Court of Bibb County acknowledged that Cracker Barrel agreed to waive formal service of process of the Plaintiff's Amended Complaint, and directed Cracker Barrel to file an Answer within thirty (30) days of the Consent Order. The Plaintiff subsequently filed her Amended Complaint on February 15, 2022. Therefore, removal is timely.

2. This is a civil action for damages arising out of alleged injuries the Plaintiff

sustained in a February 22, 2020 trip-and-fall incident at a Cracker Barrel store located at 5000 Eisenhower Pkwy, Macon, Bibb County, Georgia 31206 ("Subject Premises").

3. The United States District Court for the Middle District of Georgia, Macon Division has jurisdiction by reason of diversity of citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Plaintiff was and continues to be a citizen and resident of the State of Georgia.

5. Cracker Barrel is a Tennessee corporation with its principal place of business in Tennessee. Therefore, Cracker Barrel is a citizen of Tennessee and not a citizen of Georgia.

6. In this action, the Plaintiff seeks to recover, at least, "$42,000[] in past medical expenses." (Compl. ¶ 20).

7. The Plaintiff alleges she suffered "serious" and "substantial injuries" as a result of the "negligent acts" of Cracker Barrel. (Compl. ¶¶ 9, 19).

8. In addition, the Plaintiff claims Cracker Barrel is "indebted to [her] for compensatory damages, past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages and/or lost earning capacity; expenses of litigation, and all other damages allowed by Georgia law." (Compl. ¶ 20)

9. On August 20, 2020, the Plaintiff served a pre-suit settlement demand to Cracker Barrel in the amount of $300,000.00. In the demand, the Plaintiff itemized $41,612.94 in special damages that comprised treatment for a fracture ankle, pulmonary embolism, and bilateral knee pain. The demand also detailed the "severe and dramatic impact" the subject incident and resulting "significant pain and suffering" had on the Plaintiff's life, with its "effects [to] remain for quite some time." (Plaintiff's $300,000.00 Settlement Demand, attached hereto as **Exhibit A**).

10. On January 27, 2022, and after this lawsuit was filed, the Plaintiff served a second settlement demand to Cracker Barrel in the amount of $120,000.00. In this follow-up demand, the Plaintiff itemized $41,612.94 in special damages based on new (to Cracker Barrel) complaints of "headaches and dizziness from [the Plaintiff's] head striking one of the vehicles in the parking lot." Still five (5) months after the initial demand, the Plaintiff complained of "continue[d] . . . pain and discomfort in her lower extremities" that "nags at her daily." Moreover, the Plaintiff believes the alleged injuries sustained on Cracker Barrel's premises have "made her more susceptible to future injury." (Plaintiff's $120,000.00 Settlement Demand, attached hereto as **Exhibit B**).

11. This Honorable Court has previously held that "[a] settlement offer [alone] does not determine whether the amount in controversy requirement has been satisfied, [but] it does count for something, [and] more weight should be given . . . if it is an honest assessment of damages" as opposed to "posturing and puffery." *Farley v. Variety Wholesalers, Inc.*, 2013 U.S. Dist. LEXIS 57740, at *5-6 (M.D. Ga. Apr. 23, 2013). A settlement demand itemizing "medical expenses *to the penny* [suggests] that [the] Plaintiff's counsel adequately researched and prepared Plaintiff's claim." *Id.* at *8. (emphasis in original). In addition, a settlement demand sent after a complaint is filed is less likely to constitute "posturing for settlement purposes." *Cross v. Wal-Mart Stores, E. LP*, 2011 U.S. Dist. LEXIS 27905, at *4 (M.D. Ga. Mar. 17, 2011).

12. Neither of the Plaintiff's settlement demands constitute puffery or posturing, but instead are honest assessments of the value of her claim. Across both demands, the Plaintiff itemized her exact medical expenses totaling $41,612.94. In her second demand, the timing of which suggests a calculated assessment of damages, the Plaintiff detailed additional head injuries and future injuries that may stem from the subject incident – this in addition to her known, ongoing complaints of right ankle pain, bilateral knee pain, and a pulmonary embolism. In addition, the

Plaintiff's $120,000.00 settlement demand made after suit was filed was a reduction of $180,000.00 from her prior, pre-suit demand, which further supports the conclusion that this demand is the result of an honest assessment of the value of her claim.

13. Taken together, it is more likely than not, based on the Plaintiff's description of the alleged damages in the Complaint, including past medical expenses, future medical expenses, pain and suffering, and two (2) settlement demands, that the amount in controversy of the Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

18. A copy of all pleadings and orders served upon Cracker Barrel is filed with this Notice and attached hereto as **Exhibit C**.

16. Cracker Barrel will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

17. Cracker Barrel will file a copy of this Notice of Removal with the Clerk of the State Court of Bibb County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Cracker Barrel requests this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 4th day of March, 2022.

        Respectfully submitted,

        **CARR ALLISON**

    By:   /s/ Sean W. Martin
        **SEAN W. MARTIN, GA BAR #474125**
        *Attorney for Defendant Cracker Barrel Old Country Store, Inc.*
        736 Market Street, Suite 1320
        Chattanooga, TN 37402
        Telephone:   (423) 648-9832
        Facsimile:    (423) 648-9869
        swmartin@carrallison.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Daphne Duplessis Saddler, Esq.
John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326

                                By:   /s/    Sean W. Martin
                                        **SEAN W. MARTIN, GA BAR #474125**