⚜ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
JAN 05, 2022 12:44 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

MONISSA DENIS,                              )
                                            )
                          Plaintiff,        )
                                            )
vs.                                         )       CIVIL ACTION
                                            )       FILE NO. _____
LOJAC, LLC D/B/A CRACKER                    )
BARREL OLD COUNTRY STORE and                )
JOHN DOE 1-2,                               )
                                            )
                          Defendants.       )

---

### COMPLAINT FOR DAMAGES
### AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff MONISSA DENIS, and file this Complaint for Damages and Demand for Trial by Jury as follows:

### PARTIES AND JURISDICTION
#### 1.

Plaintiff is a resident of the State of Georgia.

#### 2.

Defendant, LOJAC, LLC D/B/A CRACKER BARREL OLD COUNTRY STORE, is a foreign profit corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court after service upon its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046, Gwinnett County.

#### 3.

Defendant, John Doe 1, is an individual, entity, corporation, business, contractor, or subcontractor. The true name and capacity of John Doe 1 is currently unknown to Plaintiff.

Therefore, Plaintiff sues John Doe 1 by a fictitious name. Plaintiff will amend the Complaint to show the true name of John Doe 1 when such has been ascertained.

4.

Defendant, John Doe 2, is an individual, entity, corporation, business, contractor, or subcontractor.  The true name and capacity of John Doe 2 is currently unknown to Plaintiff. Therefore, Plaintiff sues John Doe 2 by a fictitious name. Plaintiff will amend the Complaint to show the true name of John Doe 2 when such has been ascertained.

5.

Jurisdiction and venue are proper in this Court.

## NEGLIGENCE

6.

Plaintiff incorporates by reference paragraphs 1 through 6 above as if they were restated herein verbatim.

7.

On or about February 22, 2020, Plaintiff was an invitee at Cracker Barrel Old Country Store located at 5000 Eisenhower Parkway, Macon, GA 31206, Store No. 22 ("Premises").

8.

On or about February 22, 2020, Plaintiff was in the parking lot of the Premises when her foot went into a hole of the negligently maintained parking lot on the Premises, causing her to lose balance and stumble down the parking lot, into a parked vehicle with her head slamming against the rear bumper of the parked vehicle, then falling onto the ground and sustaining serious bodily injuries.

9.

At all relevant times, Plaintiff exercised reasonable care for his own safety.

10.

At all relevant times, Defendants owned or controlled the Premises and owed a legal duty pursuant to O.C.G.A. § 51-3-1, of reasonable care to invitees to inspect and keep the premises in a safe condition.

11.

At all relevant times, Defendants failed to exercise reasonable care to keep the Premises in a safe condition.

12.

At all relevant times, Defendants occupied, managed, maintained, or leased the Premises and owed a legal duty of ordinary care to keep the Premises in a safe condition.

13.

At all relevant times, Defendants breached their duty of ordinary care by failing to keep the Premises in a safe condition.

14.

At all relevant times, Defendants' acts or omissions created the peril that resulted in Plaintiff's injuries.

15.

At all relevant times, Defendants had actual knowledge of the dangerous condition of the parking lot on the Premises which caused Plaintiff's injuries and damages.

16.

At all relevant times, Defendants had superior actual and/or constructive knowledge of the dangerous condition of the parking lot on the Premises which caused Plaintiff's injuries and damages.

17.

Defendants are responsible for the negligent acts and omissions of their employees pursuant to the theory of *respondeat superior.*

## DAMAGES

18.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering.

19.

As a direct and proximate result of negligence of Defendants, Plaintiff has incurred in excess of $42,000, in past medical expenses.   Defendants are indebted to Plaintiff for compensatory damages, past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages and/or lost earning capacity; expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff prays:

a.     That process issue according to law;

b.   That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c.   That Plaintiff be granted a **trial by jury** in this matter;

d.   That judgment be entered in favor of Plaintiff against the Defendants for personal injuries sustained and for physical, mental pain and suffering, past, present and future in an amount to be determined by the enlightened conscience of an impartial jury;

e.   That judgment be entered in favor of Plaintiff against the Defendant for medical expenses with the exact amount of damages to be proven at trial;

f.   That Plaintiff have such further relief as the Court may deem just and proper.

This 5th day of January 2022.

*/s/ Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel:  (404) 400-4000
Fax: (404) 445-3146

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
JAN 05, 2022 12:44 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

MONISSA DENIS,                    )
                                  )
                    Plaintiff,    )
                                  )
vs.                               )        CIVIL ACTION
                                  )        FILE NO. _____
LOJAC, LLC D/B/A CRACKER          )
BARREL OLD COUNTRY STORE and      )
JOHN DOE 1-2,                     )
                                  )
                    Defendants.   )

---

### PLAINTIFF'S RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Summons and Complaint;

2. Plaintiff's First Request for Admissions to Defendant(s);

3. Plaintiff's First Set of Interrogatories to Defendant(s);

4. Plaintiff's First Request for Production of Documents to Defendant(s);

5. Notice of Leave of Absence.

This 5th day of January, 2022.

**FOY & ASSOCIATES, P.C.**

*/s/ Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

3343 Peachtree Road, N.E., Suite 350
Atlanta, Georgia 30326
Direct phone: (404) 841-2998
Direct fax: (404) 733-3961
Email: dsaddler@johnfoy.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
JAN 05, 2022 12:44 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

MONISSA DENIS,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          CIVIL ACTION
                                        )          FILE NO. _____
LOJAC, LLC D/B/A CRACKER                )
BARREL OLD COUNTRY STORE and            )
JOHN DOE 1-2,                           )
                                        )
                    Defendants.         )

---

### NOTICE OF LEAVE OF ABSENCE

COMES NOW, Daphne Duplessis Saddler, and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel that she will be on leave pursuant to Georgia Uniform Court Rule 16 as follows:

1. The period of leave during which time Applicant will be away from the practice of law are:

   **February 21-25, 2022.**

   **April 4, 2022 – May 31, 2022, for maternity leave.**

   **June 18, 2022; June 21, 2022.**

   **July 6, 2022; July 28-29, 2022.**

   **August 1, 2022.**

   **September 26-30, 2022.**

   **October 7, 2022; October 10, 2022.**

   **November 21-25, 2022; November 30, 2022.**

   **December 21-30, 2022.**

   at which time Applicant will be out of state, out of the country, or otherwise away from the practice of law and will not be able to participate in trials, hearings, depositions, and other legal proceedings.

2.  All affected judges and opposing counsel shall have ten (10) days from the date of this
    notice to object to it. If no objections are filed, the leave shall be granted.

This 5th day of January, 2022.

                                        **FOY & ASSOCIATES, P.C.**

                                        */s/ Daphne Duplessis Saddler*
                                        Daphne Duplessis Saddler
                                        Georgia Bar No. 575602
                                        Attorney for Plaintiff

3343 Peachtree Road, N.E., Suite 350
Atlanta, Georgia 30326
Direct phone: (404) 841-2998
Direct fax: (404) 733-3961
Email: dsaddler@johnfoy.com

# EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
**JAN 05, 2022 12:44 PM**

Patricia M. Gravel Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MONISSA DENIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| LOJAC, LLC D/B/A CRACKER | ) | |
| BARREL OLD COUNTRY STORE and | ) | |
| JOHN DOE 1-2, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT(S)

Pursuant to O.C.G.A. § 9-11-26 and § 9-11-36, Plaintiff MONISSA DENIS hereby requests that Defendant admit under oath the truth of the facts and the genuineness of the documents within forty-five (45) days from the date of service as provided by law, with a copy of the responses be furnished to Foy & Associates, P.C. located at 3343 Peachtree Road, N.E., Suite 350, Atlanta, Georgia 30326.

This "Defendant" is the Defendant this request is served upon.

"Premises" or "Property" is 5000 Eisenhower Parkway, Macon GA 31206.

"Date of the Incident" is February 22, 2020.

"Incident" the trip and fall incident alleged in Plaintiff's Complaint.

### 1.

This Defendant has been correctly named in the present civil action insofar as the legal designation of his name is concerned.

### 2.

This Defendant has been properly served as a party Defendant in this case.

### 3.

Process is sufficient with regard to this Defendant in this case.

4.

Service of process is sufficient with regard to this Defendant in this case.

5.

Bibb County State Court has jurisdiction over the subject matter of this case.

6.

Bibb County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in Bibb County State Court.

8.

This Defendant owned the Premises at the time of the incident alleged in Plaintiff's Complaint.

9.

This Defendant managed the Premises at the time of the incident alleged in Plaintiff's Complaint.

10.

This Defendant is responsible for maintaining the parking lot of the Premises.

11.

This Defendant had constructive knowledge of the hazardous condition that caused Plaintiff's injuries, to wit: cracks and/or holes in the parking lot.

12.

This Defendant had actual knowledge of the hazardous condition posed by the parking lot of the Premises.

**13**.

An employee of this Defendant was in the immediate vicinity of Plaintiff when the incident alleged in Plaintiff's Complaint occurred.

**14**.

Plaintiff was injured as an actual and proximate cause of the negligent act or omission of this Defendant and/or its employee.

**15**.

This Defendant had policies in place for inspecting the parking lot of the Premises.

**16**.

On the day of the incident alleged in Plaintiff's Complaint, this Defendant failed to follow the policies and procedures for inspecting the parking lot of the Premises.

**17**.

On the date of the incident alleged in Plaintiff's Complaint, Plaintiff was harmed on the Premises.

**18**.

On the date of the incident alleged in Plaintiff's Complaint, there were no signs to warn Plaintiff and invitees of the dangerous condition posed by the parking lot of the Premises.

**19**.

Plaintiff exercised reasonable care for her own safety.

20.

Plaintiff did not cause or contribute to her injuries.

21.

This Defendant had video of the incident alleged in Plaintiff's Complaint, either in its constructive or actual control.

22.

This Defendant had surveillance cameras in the area where the incident occurred on the date of the incident.

23.

Plaintiff incurred medical expenses as a result of the incident alleged in Plaintiffs Complaint.

24.

Defendant is responsible for the full extent of Plaintiff's injuries and damages resulting from the fall on the Premises.

**This Request for Admissions is served with the Summons and Complaint**

This 5th day of January, 2022.

*/s/ Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 445-3146

# EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
JAN 05, 2022 12:44 PM

Patricia M. GraverClerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA**

MONISSA DENIS,                          )
                                        )
                    Plaintiff,          )
                                        )         CIVIL ACTION
vs.                                     )         FILE NO. _____
                                        )
LOJAC, LLC D/B/A CRACKER                )
BARREL OLD COUNTRY STORE and            )
JOHN DOE 1-2,                           )
                                        )
                    Defendants.         )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT[S]

COMES NOW, the Plaintiff, MONISSA DENIS, (hereinafter referred to as "Plaintiff"), pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon each Defendant, and requests that they be answered fully, in writing and under oath, within forty-five days (45) of the service hereof.

These Interrogatories shall be deemed continuing so as to require supplemental answers if the Defendant obtains further or different information between the time responses are served and the time of trial, as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing or record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or

handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.    "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.    To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)    The title or other means of identification of each such document;

(b)    The date of each such document;

**(c)**    The author of each such document;

(d)    The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)    The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)    The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)    If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document were destroyed.

4.    To "idendfy" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business,

organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

8.       "Defendant" is the Defendant this request is served upon.

9.       "Premises" or "Property" is 5000 Eisenhower Parkway, Macon GA 31206.

10.     "Date of Incident" is February 22, 2020.

11.     "Incident" the trip and fall incident alleged in Plaintiff's Complaint.

### INTERROGATORIES

#### 1.

Please identify all witnesses known to Defendant, who saw, or claim they saw, all or any part of the incident complained of in this action.

#### 2.

Please identify all witnesses known to Defendant who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

#### 3.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation,

identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

4.

Please identify any photographs, diagrams, video footage, or other pictorial representations concerning the events and happenings alleged in Plaintiffs Complaint.

5.

Please identify each person (whether your employee or not) who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

6.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

7.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

**8.**

To your information or belief, has there been any surveillance or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance.

9.

If the response to Interrogatory No. 8 is affirmative, identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

**10.**

If you contend that Plaintiff has brought this action against the wrong entity due to a misnomer, please state the complete name and address of the correct defendant in this action.

**11.**

If you contend another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify the name, address and telephone number of said party.

**12.**

Identify any person employed by Defendant who was working at the area where the Plaintiff complained of sustaining injuries.

13.

Identify any and all persons known to Defendant who have complained of injuries during the past five (5) years from tripping and falling in the parking lot of the Premises whether by their own negligence or the negligence of Defendant and its employees.

14.

In reference to the individuals identified in the previous Interrogatory, please state the

following:

(a)    The exact location where the individual sustained injury;

(b)    The cause which said individual alleges was responsible for the injury;

(c )    The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said incident.

**15.**

Identify every document, report or memoranda relating to the subject incident or any of the injuries allegedly arising therefrom.

**16.**

Identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which investigators, if any, are in your regular employ.

**17.**

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants?  If your answer is yes, please identify the party whom you contend was guilty of such negligence and describe their negligence.

**18.**

Please state whether Defendant, or anyone acting on its behalf, had any knowledge or information, of any nature whatsoever, that any condition that existed in the parking lot of the

subject Premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so: state the date Defendant acquired such knowledge and/or information, what knowledge and/or information it had, and whether any remedial and/or corrective action was taken based upon such knowledge.

19.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which Defendant contends is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

20.

Identify every person who supplied Defendant with information, of whatever nature or description, used by your representative in answering these Interrogatories.

**21.**

Please identify each document which Defendant has withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in this response the basis on which each document was withheld.

**22.**

Identify all persons or entities responsible for resurfacing the parking lot on the Premises from 2019 through the date of the incident.

**23.**

Identify all persons or entities responsible for inspecting the parking lot of the Premises for hazards (i.e., conditions which can cause someone to trip and fall)..

24.

If any individual identified in Interrogatory 22 and 23, were employed by Defendant at the time of the incident but are no longer employed by Defendant, then provide the former employee's last known contact information including his/her full name, last known address, last known phone number, and last position held with Defendant.

25.

Explain the basis of each denial in your response to Plaintiff's First Request for Admissions.

This 5th day of January 2022.

FOY & ASSOCIATES, P.C.
/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

3343 Peachtree Road, N.E., Suite 350
Adanta, Georgia 30326
Direct phone: (404) 400-4000
Direct fax: (404) 733-3961
Email: dsaddler@johnfoy.com

# EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
JAN 05, 2022 12:44 PM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

|                                      |     |                        |
|--------------------------------------|-----|------------------------|
| MONISSA DENIS,                       | )   |                        |
|                                      | )   |                        |
| Plaintiff,                           | )   |                        |
|                                      | )   | CIVIL ACTION           |
| vs.                                  | )   | FILE NO. _____  |
|                                      | )   |                        |
| LOJAC, LLC D/B/A CRACKER             | )   |                        |
| BARREL OLD COUNTRY STORE and         | )   |                        |
| JOHN DOE 1-2,                        | )   |                        |
|                                      | )   |                        |
| Defendants.                          | )   |                        |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT(S)**

Pursuant to O.C.G.A. § 9-11-34, the Plaintiff MONISSA DENIS, (hereinafter referred to as "Plaintiff") hereby requests the Defendant that this discovery request is served upon produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced at 10:00 a.m. on the forty-fifth (45)

day after service, unless other arrangements are made between the parties.

## DOCUMENTS REQUESTED

### 1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

### 2.

Any and all photographs, drawings, maps or sketches of the scene of the incident which has been made the basis of this action.

### 3.

Amy surveillance photographs, movies or videotapes made of Plaintiff.

### 4.

Any and all surveillance videos and photographs of the area where the incident occurred on the date of the incident as alleged in Plaintiff's Complaint.

### 5.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

### 6.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements.

### 7.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

**8.**

Each and every document comprising a report made by any person Defendant expects to call as an expert witness on the trial of this case.

9.

Each and every document relating to any facts or information about the subject matter of this action furnished to and by Defendant to any expert you expect to call as an expert witness on the trial of this case.

**10.**

All statements previously made by the Plaintiff concerning the subject matter of this action.

**11.**

All documents relating to any communication between Defendant, and anyone acting on its behalf, with any of Plaintiff's doctors, hospitals or other health care providers concerning Plaintiff's condition after the happening of the accident.

**12.**

All documents containing any information concerning Plaintiff's condition at any time prior to the happening of the accident.

13.

All documents containing any information which has been received by you from any doctors, hospitals or other health care providers concerning Plaintiff's condition after the

happening of the accident.

14.

Any documents or tangible properties in the Defendant 's possession, custody or control which support any facts relevant to this litigation.

15.

Employee time logs for the date of die incident alleged in Plaintiff's Complaint for all employees who witnessed the subject incident, who heard the sound of Plaintiff falling or calling out for aid, who responded to the incident after the incident occurred, and/or who was the first person to inspect area where the incident occurred after the incident.

16.

Employee time logs for all employees who inspected the area where the incident occurred on the date of the incident alleged in Plaintiff's Complaint.

17.

Name of the company, entity, or individual who took corrective measures to repair the area where Plaintiff fell on the Premises.

18.

Copy of insurance claims made by individuals for injuries resulting from trip and falls in the parking lot of the Premises, whether by the individual's own negligence or the negligence of employees, for the two (2) years preceding the subject incident, including the day of the subject incident alleged in Plaintiff's Complaint.

19.

Copies of all documents, tangibles, and intangibles received by Defendant pursuant a Non-Party Request issued by Defendant.

This 5th day of January 2022.

**FOY & ASSOCIATES, P.C.**

/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

3343 Peachtree Road, N.E., Suite 350
Adanta, Georgia 30326
Direct phone: (404) 841-2998
Direct fax: (404) 733-3961
dsaddler@johnfoy.com

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-SCCV-093754

DENIS, MONISSA

**PLAINTIFF**

**VS.**

JOHN DOE 1-2
LOJAC, LLC, DBA CRACKER BARREL
OLD COUNTRY STORE

**DEFENDANTS**

**SUMMONS**

TO: LOJAC, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Daphne Saddler**
> **Foy & Associates, P.C.**
> **3343 Peachtree Road NE**
> **Suite 350**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of January, 2022.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

📄 **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

☐ Superior or ☑ State Court of _Bibb_ _____ County   **22-SCCV-093754**
JBH

| For Clerk Use Only | | JAN 05, 2022 12:44 PM |
|---|---|---|
| Date Filed _01-05-2022_ <br> **MM-DD-YYYY** | Case Number _22-SCCV-093754_ | ~~Patricia M. Graves~~ Clerk of State Court <br> Bibb County, Georgia |

**Plaintiff(s)**

DENIS, MONISSA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

JOHN DOE 1-2

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| LOJAC, LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Saddler, Daphne_   **Bar Number** _575602_   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                        Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

SHERIFF'S ENTRY OF SERVICE                          SC-85-2

Civil Action No. 22-SCCV-093754

Date Filed _____

Attorney's Address Daphne Duplessis Saddler
John Foy & Associates
3343 Peachtree Rd. NE, Suite 350
Atlanta, GA 30326

Name and Address of Party to be Served.

A A CT Corporation System
289 S Culver Street
Lawrenceville GA 30046

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, **BIBB** COUNTY

Monissa Denis
_____
Plaintiff

VS.

LOJAC, LLC D/B/A Cracker
Barrel Old Country Store
_____
Defendant

_____
_____
Garnishee

Record ID 2200/734
CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

FILED IN OFFICE
BIBB COUNTY, GEORGIA

**22-SCCV-093754**

JAN 26, 2022 09:26 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒
Served the defendant LoJac, LLC D/B/A Cracker Barrel Old Country Store a corporation
by leaving a copy of the within action and summons with Jane Richardson (CEA)
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 18 day of Jan, 20 22.

Lt. Higgins 5054
_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
FEB 04, 2022 01:54 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MONISSA DENIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 22-SCCV-093754 |
| LOJAC, LLC D/B/A CRACKER | ) | |
| BARREL OLD COUNTRY STORE and | ) | |
| JOHN DOE 1-2, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO ADD AND DROP PARTY DEFENDANT**

COMES NOW Plaintiff, MONISSA DENIS, by and through undersigned Counsel and

files this Motion to Add Party pursuant to O.C.G.A. § 9-11-21, and for leave to amend the

complaint. In support of said Motion, Plaintiff states:

Plaintiff filed this action for damages on January 5, 2022, arising out of a trip and fall

incident. Plaintiff alleges that on February 2, 2020, Plaintiff was an invitee at Cracker Barrel Old

Country Store located at 5000 Eisenhower Parkway, Macon, GA 31206, Store No. 22

("Premises"), when she tripped and fell as a result of the negligent maintenance of the parking lot

on the Premises. Plaintiff filed a lawsuit against Lojac, LLC d/b/a Cracker Barrel Old Country

Store. However, it has been brought to Plaintiff's attention that the proper party is Cracker Barrel

Old Country Store, Inc. Plaintiff therefore moves for an order adding Cracker Barrel Old Country

Store, Inc. as a party defendant, and dropping "Lojac, LLC d/b/a/ Cracker Barrel Old Country

Store."

Pursuant to O.C.G.A. § 9-11-21, "Parties may be dropped or added by order of the court

on motion of any party or of its own initiative at any stage of the action and on such terms as are

just." Given the facts of this case, the allegations, and the importance of having proper parties in the action, Plaintiff moves this Honorable Court for an order adding Cracker Barrel Old Country Store, Inc. as a party defendant, and dropping Lojac, LLC d/b/a/ Cracker Barrel Old Country Store from this action.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to grant Plaintiff's Motion to Add and Drop Party Defendant.

This 4th day of February 2022.

FOY & ASSOCIATES, P.C.

/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 445-3146

CONSENTED TO BY:

/s/ Timothy Lewis Mitchell
Timothy Lewis Mitchell
Georgia Bar No. 460744
Meridian II
275 Scientific Drive,
Suite 2000
Peachtree Corners, GA 30092
tmitchell@cmlawfirm.com
404-881-2622
Counsel for Cracker Barrel Old Country Stores, Inc. and Lojac, LLC d/b/a Cracker Barrel Old Country Store.

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MONISSA DENIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 22-SCCV-093754 |
| LOJAC, LLC D/B/A CRACKER | ) | |
| BARREL OLD COUNTRY STORE and | ) | |
| JOHN DOE 1-2, | ) | |
| | ) | |
| Defendants. | ) | |

CONSENT ORDER TO ADD AND DROP PARTY DEFENDANT

It appearing to the Court that Cracker Barrel Old Country Store, Inc. is the correct corporate Defendant, by consent of the parties and for good cause shown, and pursuant to O.C.G.A. § 9-11-21, it is hereby:

ORDERED that:

(1) Cracker Barrel Old Country Store, Inc. shall be added as a party Defendant in lieu of Lojac, LLC d/b/a Cracker Barrel Old Country Store.

(2) Lojac, LLC d/b/a Cracker Barrel Old Country Store, shall be dropped from this action.

(3) Plaintiff shall have leave to file an Amended Complaint to reflect Cracker Barrel Old Country Store, Inc. as a party Defendant.

(4) Plaintiff will not be required to formally serve Cracker Barrel Old Country Store, Inc. with the Complaint. Cracker Barrel Old Country Store, Inc. agrees to waive formal

service. Cracker Barrel Old Country Store, Inc. shall have (thirty) 30 days from the

date of this Order to file an answer in its own name.

IT IS FURTHER ORDERED: The caption of this action shall recast to read as follows:

**MONISSA DENIS, Plaintiff VS. CRACKER BARREL OLD COUNTRY STORE,**

**INC., AND JOHN DOE, Defendants.  CIVIL ACTION FILE NO. 22-SCCV-093754.**

SO ORDERED this _____ day of_____ , 2022.

Hon. _____

Judge Jeff Hanson,
State Court of Bibb County

JOHN FOY & ASSOCIATES

/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
3343 Peachtree Rd. NE, Ste 350
Atlanta, GA 30326
dsaddler@johnfoy.com
*Counsel for Plaintiff*

Consented to by:

CRUSER MITCHELL NOVITZ SANCHEZ GASTON & SIMET LLP

*/s/ Timothy Lewis Mitchell*
Timothy Lewis Mitchell
Georgia Bar No. 460744
Meridian II

275 Scientific Drive,
Suite 2000
Peachtree Corners, GA 30092
tmitchell@cmlawfirm.com
404-881-2622
*Counsel for Cracker Barrel Old Country Stores, Inc. and Lojac, LLC d/b/a Cracker Barrel Old Country Store.*

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA
**22-SCCV-093754**
JBH
FEB 11, 2022 01:37 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

MONISSA DENIS,                      )
                                    )
                    Plaintiff,      )
                                    )    CIVIL ACTION
vs.                                 )    FILE NO. 22-SCCV-093754
                                    )
LOJAC, LLC D/B/A CRACKER            )
BARREL OLD COUNTRY STORE and        )
JOHN DOE 1-2,                       )
                                    )
                    Defendants.     )

## CONSENT ORDER TO ADD AND DROP PARTY DEFENDANT

It appearing to the Court that Cracker Barrel Old Country Store, Inc. is the correct corporate Defendant, by consent of the parties and for good cause shown, and pursuant to O.C.G.A. § 9-11-21, it is hereby:

ORDERED that:

(1) Cracker Barrel Old Country Store, Inc. shall be added as a party Defendant in lieu of

Lojac, LLC d/b/a Cracker Barrel Old Country Store.

(2) Lojac, LLC d/b/a Cracker Barrel Old Country Store, shall be dropped from this

action.

(3) Plaintiff shall have leave to file an Amended Complaint to reflect Cracker Barrel Old

Country Store, Inc. as a party Defendant.

(4) Plaintiff will not be required to formally serve Cracker Barrel Old Country Store, Inc.

with the Complaint. Cracker Barrel Old Country Store, Inc. agrees to waive formal

service.  Cracker Barrel Old Country Store, Inc. shall have (thirty) 30 days from the

date of this Order to file an answer in its own name.

IT IS FURTHER ORDERED: The caption of this action shall recast to read as follows:

**MONISSA DENIS, Plaintiff VS. CRACKER BARREL OLD COUNTRY STORE,**

**INC., AND JOHN DOE, Defendants.  CIVIL ACTION FILE NO. 22-SCCV-093754.**

SO ORDERED this _11th_ day of _February_ , 2022.


Hon. _____

Judge Jeff Hanson,
State Court of Bibb County



JOHN FOY & ASSOCIATES

/s/ Daphne Duplessis Saddler
Daphne Duplessis Saddler
Georgia Bar No. 575602
3343 Peachtree Rd. NE, Ste 350
Atlanta, GA 30326
dsaddler@johnfoy.com
*Counsel for Plaintiff*


Consented to by:

CRUSER MITCHELL NOVITZ SANCHEZ GASTON & SIMET LLP

/s/ Timothy Lewis Mitchell
Timothy Lewis Mitchell
Georgia Bar No. 460744
Meridian II

275 Scientific Drive,
Suite 2000
Peachtree Corners, GA 30092
tmitchell@cmlawfirm.com
404-881-2622
*Counsel for Cracker Barrel Old Country Stores, Inc. and Lojac, LLC d/b/a Cracker Barrel Old Country Store.*

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093754**
JBH
FEB 15, 2022 02:43 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

| | | |
|---|---|---|
| MONISSA DENIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO. 22-SCCV-093754 |
| CRACKER BARREL OLD COUNTRY | ) | |
| STORE, INC. and JOHN DOE 1-2, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff MONISSA DENIS, and file this Amended Complaint for

Damages and Demand for Trial by Jury as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant, CRACKER BARREL OLD COUNTRY STORE, INC. is a foreign profit

corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and

venue of this Court after service upon its registered agent, the Corporation Company (FL), 106

Colony Park Drive, Ste. 800-B, Cumming, GA 30040.

3.

Defendant, John Doe 1, is an individual, entity, corporation, business, contractor, or

subcontractor. The true name and capacity of John Doe 1 is currently unknown to Plaintiff.

Therefore, Plaintiff sues John Doe 1 by a fictitious name. Plaintiff will amend the Complaint to show the true name of John Doe 1 when such has been ascertained.

4.

Defendant, John Doe 2, is an individual, entity, corporation, business, contractor, or subcontractor.   The true name and capacity of John Doe 2 is currently unknown to Plaintiff. Therefore, Plaintiff sues John Doe 2 by a fictitious name. Plaintiff will amend the Complaint to show the true name of John Doe 2 when such has been ascertained.

5.

Defendant Cracker Barrel Old Country Store, Inc. waived formal service of this lawsuit.

6.

Jurisdiction and venue are proper in this Court.

## NEGLIGENCE

7.

Plaintiff incorporates by reference paragraphs 1 through 6 above as if they were restated herein verbatim.

8.

On or about February 22, 2020, Plaintiff was an invitee at Cracker Barrel Old Country Store located at 5000 Eisenhower Parkway, Macon, GA 31206, Store No. 22 ("Premises").

9.

On or about February 22, 2020, Plaintiff was in the parking lot of the Premises when her foot went into a hole of the negligently maintained parking lot on the Premises, causing her to lose balance and stumble down the parking lot, into a parked vehicle with her head slamming against

the rear bumper of the parked vehicle, then falling onto the ground and sustaining serious bodily injuries.

10.

At all relevant times, Plaintiff exercised reasonable care for his own safety.

11.

At all relevant times, Defendants owned or controlled the Premises and owed a legal duty pursuant to O.C.G.A. § 51-3-1, of reasonable care to invitees to inspect and keep the premises in a safe condition.

12.

At all relevant times, Defendants failed to exercise reasonable care to keep the Premises in a safe condition.

13.

At all relevant times, Defendants occupied, managed, maintained, or leased the Premises and owed a legal duty of ordinary care to keep the Premises in a safe condition.

14.

At all relevant times, Defendants breached their duty of ordinary care by failing to keep the Premises in a safe condition.

15.

At all relevant times, Defendants' acts or omissions created the peril that resulted in Plaintiff's injuries.

16.

At all relevant times, Defendants had actual knowledge of the dangerous condition of the parking lot on the Premises which caused Plaintiff's injuries and damages.

17.

At all relevant times, Defendants had superior actual and/or constructive knowledge of the dangerous condition of the parking lot on the Premises which caused Plaintiff's injuries and damages.

18.

Defendants are responsible for the negligent acts and omissions of their employees pursuant to the theory of *respondeat superior*.

## DAMAGES

19.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering.

20.

As a direct and proximate result of negligence of Defendants, Plaintiff has incurred in excess of $42,000, in past medical expenses.   Defendants are indebted to Plaintiff for compensatory damages, past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages and/or lost earning capacity; expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff prays:

a.    That process issue according to law;

b.    That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c.    That Plaintiff be granted a **trial by jury** in this matter;

d.    That judgment be entered in favor of Plaintiff against the Defendants for personal injuries sustained and for physical, mental pain and suffering, past, present and future in an amount to be determined by the enlightened conscience of an impartial jury;

e.    That judgment be entered in favor of Plaintiff against the Defendant for medical expenses with the exact amount of damages to be proven at trial;

f.    That Plaintiff have such further relief as the Court may deem just and proper.

This 15th day of February 2022.

*/s/ Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel:  (404) 400-4000
Fax: (404) 445-3146

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Amended Complaint has been served on the following, via electronic mail:

Timothy Lewis Mitchell
Meridian II
275 Scientific Drive,
Suite 2000
Peachtree Corners, GA 30092
tmitchell@cmlawfirm.com
*Counsel for Cracker Barrel Old Country Stores, Inc.*

This 15th day of February 2022.

/s/ *Daphne Duplessis Saddler*
Daphne Duplessis Saddler
Georgia Bar No. 575602
Attorney for Plaintiff

John Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, GA 30326
Tel: (404) 400-4000
Fax: (404) 445-3146