# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| MONISSA DENIS, | |
| *Plaintiff,* | CIVIL ACTION NO. |
| v. | **5:22-cv-00095-TES** |
| CRACKER BARREL OLD COUNTRY STORE, INC., and JOHN DOE 1–2, | |
| *Defendants.* | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff, Monissa Denis ("Denis"), brings claims against Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), arising out of alleged injuries she sustained in a trip-and-fall incident at Cracker Barrel on February 22, 2020. [Doc. 1, pp. 1–2]. Denis commenced this action in the State Court of Bibb County, Georgia, on January 5, 2022. [Doc. 1, p. 1]. Cracker Barrel filed a Notice of Removal [Doc. 1] from the State Court of Bibb County to this District pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on March 4, 2022. [Doc. 1]. On June 13, 2022, Cracker Barrel filed a Motion for Summary Judgment. [Doc. 8]. As detailed below, the Court **GRANTS** Cracker Barrel's Motion for Summary Judgment.[1]

---

[1] The Court needs to address two housekeeping items before getting to the meat of the order. First, Denis also brings claims against fictitious defendants John Doe 1 and John Doe 2. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th

## FACTUAL BACKGROUND

On the sunny morning of February 22, 2020, Denis visited the Cracker Barrel restaurant at 5000 Eisenhower Parkway in Macon, Georgia. [Doc. 1-3, p. 38, ¶ 8]; [Doc. 8-1, p. 6]. As she left the restaurant, Denis carried her two-year-old grandson in her arms, then started running towards her vehicle. [Doc. 8-1, pp. 2, 7–8]; [Doc. 8-2, p. 4]. While running, she lost balance when she stepped down from the restaurant's patio. [Doc. 8-1, p. 6]; [Doc. 8-2, p. 4]. She then stumbled down the parking lot and slammed her head against the rear bumper of a parked vehicle.[2] [*Id.*]. Denis alleges that she initially fell because her foot went into a "hole" in the parking lot near the edge of the patio. [Doc. 1-3, pp. 38–39]. She suffered injuries and medical expenses because of her

---

Cir. 2010). However, a limited exception to this general prohibition exists "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id.* (internal quotes and citation omitted). Since Denis has yet to amend the Complaint to disclose the identity of or otherwise attempt to describe fictitious defendants John Doe 1 and John Doe 2, the Court *sua sponte* **DISMISSES** Denis's claims against them **WITHOUT PREJUDICE**.

Second, the Court notes that discovery in this case ends on September 28, 2022. [Doc. 7, p. 2]. Nothing in the Federal Rules of Civil Procedure or the Court's Scheduling Order precludes a party from filing a dispositive motion prior to discovery expiring. Further, Denis has not filed a motion requesting more time to respond. *See* Fed. R. Civ. P. 56(d) (stating that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Thus, nothing precludes the Court from ruling on Cracker Barrel's motion at this time.

[2] The Patient Care Report states, "[t]he [patient] states she was running while holding her grandson. [Patient] began to loose [*sic*] balance running down a hill and ran into a parked vehicle." [Doc. 8-2, p. 4].

fall.[3] [Doc. 1-1, pp. 2–3]; [Doc. 1-3, pp. 4–5]; [Doc. 8-1, p. 5]; [Doc. 8-2].

Although Denis alleges that she fell because her foot got stuck in a hole—or as she later referred to it, a "crack/pothole/break in the pavement"—pictures of the parking lot indicate that no such hole, or even a hazard, exists. [Doc. 1-3, pp. 38–41]; [Doc. 9, p. 1]; [Doc. 8-2, p. 4]; [Doc. 8-3, pp. 1–2]. In fact, Denis's own photograph that she took of the area where she fell shows no hole or similar hazard that Cracker Barrel visitors would have to traverse. [Doc. 8-1, pp. 4–5, 7–8]; [Doc. 8-4, p. 2]. Further, Brandon Wiggins, a civil engineer who visited the Cracker Barrel restaurant where Denis fell to take measurements and photographs of the area, claimed that there were no potholes in the area where Denis allegedly tripped and fell.[4] [Doc. 8-3, pp. 1–2]. Wiggins claimed—and attached photographs in his affidavit to support—that there was "no uneven pavement, raised crack, or other protrusion in the area where Denis allegedly tripped and fell." [*Id.* at pp. 2–4].

Below are photos of the area where Denis fell. The first photo is Denis's photo,

---

[3] In response to Cracker Barrel's first set of interrogatories, Denis stated: "Plaintiff is not a medical practitioner; however, [P]laintiff sustained a broken ankle, concussion, blood clots as a result to the broken ankle, knee injury, which resulted in surgery." [Doc. 8-1, p. 5].

[4] Wiggins visited the Cracker Barrel restaurant where Denis fell on May 24, 2022, over two years after Denis fell. [Doc. 8-3, p. 1]; [Doc. 1-3, p. 2]. However, Wiggins states that "[o]n May 24, 2022, [he] observed no repairs, potholes, or new pavement in the area where Plaintiff allegedly tripped and fell, thus [he] can conclude that the area had not been repaired and is in the same condition as it was on February 22, 2020." [Doc. 8-3, p. 2]. Wiggins further stated that "[o]n April 28, 2022, [he] was provided with Plaintiff's February 22, 2020 photograph of the area where she allegedly fell. Based on [his] analysis of Plaintiff's photograph and the measurements [he] took at the subject Cracker Barrel on May 24, 2022, [he] can conclude that the area where Plaintiff allegedly tripped and fell was in the same condition on May 24, 2022 as it was on February 22, 2020." [*Id.*]. Plaintiff offers nothing to rebut this critical testimony.

and the bottom two are Wiggins's. [Doc. 8-4, p. 2]. These are the only three photos

provided by the parties in the record.[5]





## DISCUSSION

A.      **Legal Standard**

1.      **Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no

---

[5] Cracker Barrel attached Wiggins's two photos twice, once in Wiggins's affidavit [Doc. 8-3, pp. 3–4], and once in its memorandum of law in support of its motion. [Doc. 8-4, p. 2].

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *U.S. v. Four Parcels Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the initial responsibility of informing the court of the basis for its motion." *Four Parcels*, 941 F.2d at 1437. The movant may cite to particular parts of materials in the record, including "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A).[6]

"When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material negating the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 323). Rather, "the moving party simply may show—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*,

---

[6] Courts may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

477 U.S. at 324) (cleaned up). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

If this initial burden is satisfied, the burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or[] is not significantly probative' of a disputed fact." *Josendis*, 662 F.3d at 1315 (quoting *Anderson*, 477 U.S. at 249–50). "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Further, where a party fails to address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the Court may consider the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Succinctly put,

> [s]ummary judgment is not a time for fact-finding; that task is reserved for trial. Rather, on summary judgment, the district court must accept as fact all allegations the [nonmoving] party makes, provided they are sufficiently supported by evidence of record. So[,] when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. Indeed, if "the only issue is one of credibility," the issue is factual,

and a court cannot grant summary judgment.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020) (internal citations omitted).

Stated differently, "the judge's function is not himself to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for

trial." *Anderson*, 477 U.S. at 249. "The evidence of the [nonmovant] is to be believed, and

all justifiable inferences are to be drawn in his favor." *Id.* at 255. And "if a reasonable

jury could make more than one inference from the facts, and one of those permissible

inferences creates a genuine issue of material fact, a court cannot grant summary

judgment"; it "must hold a trial to get to the bottom of the matter." *Sconiers*, 946 F.3d at

1263.

      2.    **Georgia Law**

Under Georgia law,

> Where an owner or occupier of land, by express or implied invitation,
> induces or leads others to come upon his premises for any lawful purpose,
> he is liable in damages to such persons for injuries caused by his failure to
> exercise ordinary care in keeping the premises and approaches safe.

O.C.G.A. § 51-3-1. Therefore, an invitee who becomes injured on an owner's

premises may recover under a theory of premises liability if he can show that the

owner's breach of that duty caused his injury, i.e., if the invitee shows the owner's

negligence in failing to maintain safe premises caused the injury.

      However, "'[p]roof of a fall, without more, does not create liability on the part of

a proprietor or landowner. It is common knowledge that people fall on the best of

sidewalks and floors.'" *Pinckney v. Covington Athletic Club & Fitness Ctr.*, 288 Ga. App. 891, 893, 655 S.E.2d 650 (2007) (quoting *Flagstar Enters. v. Burch*, 267 Ga. App. 856, 856–57, 600 S.E.2d 834 (2004)); *Hollis v. Callaway Gardens Resort, Inc.*, No. 4:05-CV-147CDL, 2008 WL 504396, at *3 (M.D. Ga. Feb. 21, 2008).

To establish liability, "'[t]here must be proof of fault on the part of the owner and ignorance of the danger on the part of the invitee.'" *Belk Dep't Store Charleston, S.C., Inc. v. Cato*, 267 Ga. App. 793, 794, 600 S.E.2d 786 (2004) (quoting *Souder v. Atlanta Family Rests.*, 210 Ga. App. 291, 292, 435 S.E.2d 764 (1993)); *accord Robinson v. Kroger Co.*, 268 Ga. 735, 749, 493 S.E.2d 403 (1997). "The plaintiff's first burden in a premises liability case is to show the premises were defective or hazardous." *Bartenfeld v. Chick-fil-A, Inc.*, 346 Ga. App. 759, 766 (2018) (citing *Cohen v. Target Corp.*, 256 Ga. App. 91, 92, 567 S.E.2d 733 (2002)); *see also Aubain-Gray v. Hobby Lobby Stores*, 323 Ga. App. 672, 674 (1), 747 S.E.2d 684 (2013) ("the plaintiff's threshold burden" is to demonstrate a defect or hazard). Without evidence of the existence of a hazard that caused the fall, "there can be no evidence that the defendant had any knowledge of the alleged danger, and therefore no recovery for the plaintiff." *Cato*, 267 Ga. App. at 794 (citation omitted).

Causation is an "essential element in slip or trip and fall cases." *Pennington v. WJL, Inc.*, 263 Ga. App. 758, 760, 589 S.E.2d 259 (2003) (footnote omitted). "Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven." *Id.* at 261–62 (footnote

omitted). "A mere possibility of causation is not enough" to prevail; the plaintiff must point to something other than speculation and conjecture. *Id.* at 262 (footnote omitted).

Finally, "to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *D'Elia v. Phillips Edison & Co., Ltd.*, 354 Ga. App. 696, 839 S.E.2d 721, 723 (2020) (quoting *Cherokee Main St., LLC v. Ragan*, 345 Ga. App. 405, 407, 813 S.E.2d 397 (2018)). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm." *Sunlink Health Sys., Inc. v. Pettigrew*, 286 Ga. App. 339, 649 S.E.2d 532, 534 (2007) (quoting *Emory Univ. v. Smith*, 260 Ga. App. 900, 901, 581 S.E.2d 405 (2003)).

At the summary judgment stage, the plaintiff has the burden of producing evidence that the defendant had actual or constructive knowledge of the hazard. *Am. Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444–45, 679 S.E.2d 25 (2009) (citing *Robinson v. Kroger Co.*, 268 Ga. 735, 493 S.E.2d 403, 413–14 (1997)). As to the second prong, "the plaintiff's evidentiary proof . . . is not shouldered until the defendant establishes negligence on the part of the plaintiff." *Walmart Stores E. L.P. v. Benson*, 343 Ga. App. 74, 806 S.E.2d 25, 28 (2017) (quoting *Robinson v. Powell*, 347 N.C. 270, 493 S.E.2d 747, 748 (1997)). If the defendant succeeds, the burden shifts back to the plaintiff to produce

evidence creating a genuine dispute of fact as to his negligence or tending to show that his negligence was due to acts or conditions within the defendant's control. *Am. Multi-Cinema, Inc.*, 679 S.E.2d at 28 (citing *Robinson*, 493 S.E.2d at 414).

B.   **Cracker Barrel's Motion for Summary Judgment**

Cracker Barrel filed its summary judgment motion on June 13, 2022 [Doc. 8]. It argues that despite Denis's assertions that she tripped and fell in a hole, no holes actually exist in the area where she claims to have fallen. [Doc. 8, p. 1]. Therefore, she cannot establish the existence of a hazard in Cracker Barrel's parking lot. [*Id.*].

In her response, Denis argues that a "crack/pothole/break" existed in the Cracker Barrel parking lot, Cracker Barrel had constructive knowledge of the "crack/pothole/break," and she did not have knowledge of the hazardous condition before her fall. [Doc. 9, pp. 1–2]. After reviewing Cracker Barrel's arguments and relevant controlling case law, the Court finds that it is entitled to summary judgment.

Although Denis attached a three-page affidavit to her Response to Defendant's Motion for Summary Judgment, the Court finds that she has presented no evidence that a pothole (or similar hazard) in the Cracker Barrel parking lot where she fell sufficient to create a genuine issue of material fact as to whether the pothole (or similar hazard) actually caused her fall. [Doc. 9]; [Doc. 9-1]. To avoid summary judgment, the nonmovant must identify "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. 317, 324 (1986). This showing requires that the nonmovant do more

than "summarily deny the allegations or show that there is some metaphysical doubt as to the material facts." *Post-Confirmation Comm. for Small Loans, Inc. v. Martin*, 2016 U.S. Dist. LEXIS 76294, at *16 (M.D. Ga. June 13, 2016) (internal quotations omitted). Instead, the respondent must point to competent record evidence that creates a jury issue to be tried. *Nautilus Ins. Co. v. Headhunters Racetrack, LLC*, 2016 U.S. Dist. LEXIS 43103, at *27 (M.D. Ga. Mar. 31, 2016).

True, such record evidence may include affidavits that are based on personal knowledge of the affiant. Fed. R. Civ. P. 56(c)(4). However, if such affidavits contradict prior sworn testimony on a dispositive issue in the case without offering an explanation for the discrepancy, the contradictory testimony *must be construed against* the nonmovant for purposes of summary judgment. *Iraola & CIA., S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (recognizing the rule announced by the Supreme Court of Georgia in *Prophecy Corporation v. Charles Rossignol, Inc.*, 256 Ga. 27, 28–30 (1986)). This rule has been applied to contradictions between the nonmovant's interrogatory responses and a later-filed affidavit to oppose summary judgment. *Butler v. Doe*, 180 Ga. App. 313, 314 (1986). In cases where the rule applies, the affidavit is rendered a "sham" and operates to prevent an opposing party from avoiding summary judgment "by the simple device of filing conflicting affidavits." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 656 (11th Cir. 1984); *Prophecy Corp.*, 256 Ga. at 28.

In this case, Plaintiff responded to Cracker Barrel's discovery requests and

11

described that she "fell outside in the parking lot stepping down from the patio of Cracker Barrel," and that "several potholes" in the parking lot made it "unsafe for crossing." [Doc. 8-1, p. 6, ¶ 22, p. 8, ¶ 25].[7] Now, in response to summary judgment, Plaintiff pivots and claims that her "foot was stuck in a crack/pothole/break in the concrete" and that when she "pulled [her] foot out of the crack/hole/break, it came out sideways and sent [her] in a running motion down the unleveled parking lot towards a vehicle with [her] grandson in [her] arm." [Doc. 9-1, p. 1, ¶ 4, p. 2, ¶ 7]. Not only is Plaintiff's affidavit vague in and of itself (noting the alleged defect as either a "crack/*pothole*/break" or a "crack/*hole*/break"), but the self-serving affidavit also directly contradicts her prior sworn testimony as to the circumstances of her fall—from stepping down from the patio to getting her foot stuck in a "crack/pothole/break" in the parking lot. [Doc. 1-3, p. 38, ¶ 9]; [Doc. 8-1, p. 6, ¶ 22, p. 8, ¶ 25]; [Doc. 9-1, p. 1, ¶ 4, p. 2, ¶ 7 (emphasis supplied)]. Because Denis cannot consistently point to the cause of her fall,

---

[7] In her responses to Cracker Barrel's interrogatories, Denis specifically stated: "Plaintiff believes that Cracker Barrel has a duty to make sure customers are safe upon entering and exiting the facility. The condition of the parking lot is a direct reflection of the company. Upon returning to the parking lot, after the injury, Plaintiff realized Cracker Barrel had neglected to repair several potholes, which should have been noted by management being that they are there every day. As a pedestrian walking to the car holding a baby and having to watch for cars coming and going, one should be assured that one would not step into a hole while going to the car. The defect in the grounds made it unsafe for crossing. Cracker Barrel failed to correct the parking lot for safety or notify proper parties of hazards. This makes Cracker Barrel liable for Plaintiffs injuries as well as pain and suffering." [Doc. 8-1, pp. 7–8]. Denis's response seems to support an argument that Cracker Barrel was generally negligent for having a parking lot that was unsafe for invitees. Denis has provided no photographs or evidence to support this assertion. Regardless, assuming there were several potholes in the parking lot, such a fact really wouldn't matter if Denis did not fall into one of these other potholes. Plaintiff has to show the specific hazard that caused her fall, not that there may have been other hazards that didn't.

the Court finds that her summary judgment affidavit is a sham and construes the record evidence in Cracker Barrel's favor that shows no potholes, uneven pavement, raised lip, or other protrusion in the parking lot. [Doc. 8-3].[8]

Further, Denis's own photograph of the area where she fell does not show a pothole or hazardous condition in the parking lot. Her photograph does not show a discernable protrusion upwards or gap in the pavement that might constitute a tripping hazard, much less a "crack/pothole/break" in the pavement in which her foot could become stuck so as to cause her fall. [Doc. 9-1, p. 1, ¶ 4]. She simply has not presented sufficient evidence of any hazardous condition. *See Wright v. JDN Structured Finance*, 239 Ga. App. 685, 686 (2), 522 S.E.2d 4 (1999) (citation and punctuation omitted) ("[O]ccupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel."). Therefore, Denis cannot establish the cause of her fall or that Cracker Barrel had actual or constructive knowledge of any hazardous condition. *See Hollis*, 2008 U.S. Dist. LEXIS 12857, at *14 (granting summary judgment to the defendant where the plaintiff failed to present evidence that she "fell because of a gap or other hazard in the

---

[8] Though irrelevant to the sham-affidavit analysis, the Court notes that Denis provided a different description of the area where she fell in her amended complaint as well. There, she stated that she was in the parking lot when "her foot went into a hole . . . causing her to lose balance and stumble down the parking lot, into a parked vehicle . . . ." [Doc. 1-3, p. 38, ¶ 9].

dance floor," and as such, the plaintiff did not meet her burden of pointing to "specific facts showing a genuine issue on causation").[9]

Based on all of the evidence in the record, the Court concludes that Denis has not presented evidence sufficient to show that she fell because of a pothole or any other hazard in the Cracker Barrel parking lot. Causation is an essential element of Denis's claim. Because Denis has not met her burden of pointing the Court to specific facts showing a genuine issue on causation, Cracker Barrel is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Cracker Barrel Old Country Store, Inc.'s Motion for Summary Judgment [Doc. 8] and **DISMISSES** all claims brought against Defendant. The Court **DIRECTS** the Clerk of Court to enter

---

[9] "Georgia courts routinely find that summary adjudication in favor of the landowner is appropriate where the plaintiff can only speculate as to what caused a fall." *Hollis*, 2008 WL 504396, at *3 (M.D. Ga. Feb. 21, 2008). *See Bryan Bank & Tr. v. Steele*, 326 Ga. App. 13, 16 (2014) (reversing denial of summary judgment where the plaintiff failed to introduce evidence to connect an allegedly defective sidewalk with her fall, thus "causation [was] not established"); *Greyhound Lines, Inc. v. Williams*, 290 Ga. App. 450, 452 (2008) (reversing trial court's denial of summary judgment where the plaintiff could only speculate whether she "stepped in a hole, stepped on a rock or other obstacle, or simply improperly placed her foot on the ground while walking"); *Garrett v. Hanes*, 273 Ga. App. 894, 895 (2005) (affirming summary judgment in the defendant's favor where the plaintiff presented no evidence that the step she tripped on was hazardous, meaning she "proved only that she fell, which is insufficient to establish liability"). Because Denis cannot consistently point to the cause of her fall, let alone Cracker Barrel's fault in causing it, Denis only speculates as to causation. *See, e.g., Canaan Land Props., Inc. v. Herrington*, 330 Ga. App. 17, 766 S.E.2d 493, 495–96 (2014) (reversing denial of summary judgment where the plaintiff admitted uncertainty as to what caused his fall); *Shinn v. AMF Bowling Ctr., Inc.*, No. 1:07-cv-235-WSD, 2008 WL 687324, at *4 (N.D. Ga. Mar. 11, 2008) (granting summary judgment where the plaintiff could not identify the hazard that caused him to fall).

**JUDGMENT** accordingly and to close the case.

      **SO ORDERED**, this 26th day of September, 2022.

S/ Tilman E. Self, III<br>
<strong>TILMAN E. SELF, III, JUDGE</strong><br>
<strong>UNITED STATES DISTRICT COURT</strong>